<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DANIEL J. KING, AMADEO L. DI SARRO, RICHARD SULLIVAN, et al., | : : : | **Civil Action No. 04-5125 (SRC)** |
| Plaintiffs, | : : | **OPINION** |
| v. | : : | |
| GNC FRANCHISING, INC., GENERAL NUTRITION DISTRIBUTION CO., et al., | : : : | |
| Defendants. | : | |

**<u>CHESLER</u>**, District Judge

 This matter comes before the Court upon the Motion for Summary Judgment filed by Defendants GNC Franchising, Inc. and General Nutrition Distribution Co. (collectively, "GNC") on the breach of contract counterclaim against Plaintiffs (docket item # 68).  GNC also seeks to recover attorneys' fees.  This Court has considered the written submissions by the parties in support of and in opposition to this motion, and it held oral argument on the motion on May 14, 2007.  For the reasons discussed below, this Court grants GNC's motion for summary judgment on the breach of contract counterclaim in part as to liability only but denies it as to damages, grants summary judgment in favor of Plaintiffs Nicholas and Diana Stefanou on the breach of contract counterclaim, and grants GNC's motion for attorneys' fees as to liability but denies it as to damages.

## I.    BACKGROUND

By Order of October 23, 2006, the Court granted GNC's motion for summary judgment on all of Plaintiffs' affirmative claims against it, including breach of the New Jersey Franchise Practices Act and breach of the Franchise Agreement between franchisor GNC and Plaintiffs, who are current and former franchisees.  GNC continued to prosecute its counterclaim for breach of contract.  GNC now moves for summary judgment against the following Plaintiff franchisees: Richard Sullivan, Patrick Sullivan, Hasselbrook Health and Fitness, Inc., Adam Silberstein and Nicholas and Diana Stefanou.  (These parties will hereinafter be referred to as the "Counterclaim Defendants.") GNC has also moved that the Court order all of the Plaintiff franchisees to pay GNC attorneys' fees and costs.

## II.    DISCUSSION

### A.    Summary Judgment Standard of Review

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Kreschollek v. S. Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000).  In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party.  See Boyle v.

Allegheny Pennsylvania, 139 F.3d 386, 393 (3d Cir. 1998).  The moving party bears the burden of establishing that no genuine issue of material fact remains.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts."  Matsushita, 475 U.S. at 586; see also Anderson, 477 U.S. at 247-48.  Pursuant to Federal Rule of Civil Procedure 56(e), the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Celotex, 477 U.S. at 324; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992) ("to raise a genuine issue of material fact . . . the [non-moving party] need not match, item for item, each piece of evidence proffered by the movant," but rather "must exceed the 'mere scintilla' threshold"), cert. denied, 507 U.S. 912 (1993)).

### B.   **Breach of Contract**

To prevail on its breach of contract counterclaim, GNC must prove that (1) a contract existed between the parties, (2) Counterclaim Defendants breached a duty imposed by the contract, (3) GNC performed its obligations under the contract and (4) GNC was damaged as a result of the Counterclaim Defendant's breach.  Video Pipeline, Inc. v. Buena Vista Home

 Entertainment, Inc., 275 F.Supp.2d 543, 566 (D.N.J. 2003) (applying New Jersey law).[1]

      The Franchise Agreements at issue contain various payment obligations, requiring franchisees to pay royalty, franchising, accounting and advertising fees.  GNC and Counterclaim Defendants also entered into Product Sales Agreements, pursuant to which the Counterclaim Defendants agreed to pay for certain products sold to them by GNC.  There does not appear to be any dispute about Counterclaim Defendants' breach of their payment obligations.  While they purport to contest the enforceability of their obligation to pay advertising fees, the Counterclaim Defendants' argument fails to raise a genuine issue of fact as to their breach of this contractual requirement.  Counterclaim Defendants maintain that their failure to pay these fees is not in breach of the Franchise Agreement because GNC did not provide advertising services allegedly promised to franchisees.  There is no dispute, however, that the Franchise Agreement, which requires that franchisees pay an advertising fee, contains a very clear merger provision, barring any modification to the contract unless in writing and executed by the parties.  (Franchise Agreement, § XXIV.)  The Counterclaim Defendants point to no written, binding contract that requires GNC to render specific advertising benefits that they claim were not provided or otherwise modifies the franchisees' duty to pay advertising fees.  Indeed, they do not even maintain that such a written agreement exists.  Thus, the Court concludes, as a matter of law, that

---

[1] The Court recognizes that the Franchise Agreement contains a choice of law provision, which designates that Pennsylvania law will apply to all disputes arising under the Franchise Agreement.  However, New Jersey choice of law jurisprudence clearly holds that the law of the state in which the franchisee has its principal place of business should apply, despite a contractual choice of law provision.  Instructional Sys., Inc. v. Computer Curriculum Corp., 130 N.J. 324, 343-44 (1992); Winer Motors, Inc. v. Jaguar Rover Triumph, Inc., 208 N.J. Super. 666, 671-72 (App. Div. 1986).  Because all Counterclaim Defendants operated franchise businesses located in New Jersey, the Court will apply the law of that state.

Counterclaim Defendants Richard Sullivan, Patrick Sullivan, Hasselbrook Health and Fitness, Inc., Adam Silberstein have breached a duty imposed under the contract.  Summary judgment in favor of GNC as to liability is warranted.

The amount of damages to which GNC claims it is entitled is, however, a disputed issue of fact.  Counterclaim Defendants contest the accuracy of GNC's calculations, and specifically contend that GNC has undervalued furniture and fixtures reacquired by GNC, for which Counterclaim Defendants may obtain set-offs against amounts owed to GNC.  This dispute presents a material issue of fact that precludes summary judgment in GNC's favor as to the damages on the breach of contract counterclaim.  While New Jersey law does not require absolute precision as to the amount of damages sustained in order to grant a party summary judgment on a breach of contract claim, it does place a burden on plaintiff to prove the amount of damages to a reasonable degree of certainty.  Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery, 219 F.Supp.2d 600, 605 (D.N.J. 2002) (citing Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1176 (3d Cir. 1993)).  The Franchise Agreement states that the set-off for the reacquired items must be based upon their "fair market value."  (Franchise Agreement, XVI.I.) GNC has failed to establish that reasonable factfinders could not differ on whether its calculation of the credits due to Counterclaim Defendants is based on fair market value, especially in light of Counterclaim Defendants' contention that the reacquired fixtures and equipment have been over-depreciated.

Having failed to prove the amount of damages on its breach of contract claim to a reasonable degree of certainty, GNC is not entitled to summary judgment with respect to damages on the claim.  Thus, as to Counterclaim Defendants Richard Sullivan, Patrick Sullivan,

Hasselbrook Health and Fitness, Inc., Adam Silberstein - who GNC maintains are in default of their contractual obligations - GNC's motion for summary judgment will be denied as to damages.

As to Counterclaim Defendants Nicholas and Diana Stefanou, the Court denies GNC's motion for summary judgment and grants summary judgment in the Stefanous' favor on this claim. It has long been established that, under the right circumstances, district courts are entitled to enter summary judgment *sua sponte*. Gibson v. Mayor and Council of City of Wilmington, 355 F.3d 215, 222 (3d Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986) ("Our conclusion is bolstered by the fact that district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence")). GNC has conceded, upon the record of oral argument, that the Stefanous have not breached their payment obligations under the contract. Thus, the evidence before the Court clearly shows that the Stefanous are entitled to judgment on this claim as a matter of law.

### C.   Attorneys' Fees

The instant motion also seeks an award of attorneys' fees as against all of the Counterclaim Defendants, as well as those Plaintiff franchisees who GNC does not contend are in breach of their obligations under the Franchise Agreements. For the following reasons, the Court finds that GNC is legally entitled to attorneys' fees but that there is a genuine issue as to the amount of fees that it may recover.

GNC seeks enforcement of the contractual fee shifting provision in the Franchise Agreements entered into by GNC and the various Plaintiff franchisees. The Franchise

6

Agreement states:

> In any litigation or arbitration involving Franchisor and prospective
> Franchisee or Franchisee relating to the Franchised Business or this
> Agreement the prevailing party shall recover its reasonable cost
> and expenses, including attorney's fees.

(Franchise Agreement, § XXV.G.)  Here, all of Plaintiffs' claims against GNC in this litigation

involving the franchised businesses and the Franchise Agreement were disposed of in GNC's

favor.  Thus, GNC takes the position that it is entitled to an award of attorneys' fees as the

prevailing party.

The Court agrees.  While the Court recognizes that New Jersey law has a strong policy

disfavoring the shifting of attorneys' fees, it is well settled that courts will enforce contractual fee

shifting provisions.  North Bergen Rex Transport, Inc. v. Trailer Leasing Co., 158 N.J. 561, 569-

70 (1999); Community Realty Management, Inc. v. Harris, 155 N.J. 212, 234 (1998); Cohen v.

Fair Lawn Diaries, Inc., 86 N.J. Super. 206, 212 (App. Div. 1965).  In this case, the Court does

not discern any factors that would render the provision at issue unfair, unconscionable or

unenforceable.  Indeed, the Court notes that the provision, as drafted, may inure to the benefit of

either GNC or the franchisee; it neutrally entitles the "prevailing party" to attorneys' fees.  New

Jersey's Appellate Division has held that a contractual fee shifting provision which provides the

parties a reciprocal right to recover fees is especially fair.  Cohen, 86 N.J. Super. at 214.

Even crediting the franchisees' contention that the parties to the contract held positions of

unequal bargaining power, the Court does not find the provision unenforceable.  In an analogous

context, the United States District Court for the District of New Jersey has held a forum selection

clause in a franchise agreement enforceable, rejecting the plaintiff's argument that the parties'

uneven bargaining positions invalidated the provision.  Cadapult Graphic Sys., Inc. v. Tektronix, Inc., 98 F.Supp.2d 560, 567 (D.N.J. 2000); see also Caspi v. Microsoft Network, L.L.C., 323 N.J. Super. 118, 123 (App. Div. 1999) (finding enforceable forum selection clause in on-line subscriber agreement for computer service, rejecting contention that mere difference in size of parties constituted overweening bargaining power by the defendant; court held that "court's focus must be whether such an imbalance in size resulted in an inequality of bargaining power that was unfairly exploited by the more powerful party").  Here, the Plaintiff franchisees have failed to demonstrate that GNC exercised overweening bargaining power or otherwise unfairly exploited its relatively greater size and power to the detriment of Plaintiff franchisees in the parties' mutual assent to the contractual fee shifting provision at issue.

While the Court finds the attorneys' fee provision enforceable, and therefore finds that summary judgment on liability for fees is warranted in favor of GNC, it cannot grant GNC the award it seeks on summary judgment based on the evidence before the Court.   GNC has only submitted one *ex parte* declaration concerning the fees it claims are owed, without attaching even redacted copies of bills substantiating the fees claimed or providing any detail as to how different legal work performed related to the defense of this matter.  The franchisee Plaintiffs have contested the reasonableness and allocation of these fees among the parties.  On this record, the Court cannot conclude as a matter of law that GNC is entitled to the amount of fees sought.  Cf. CIT Financial USA, Inc. v. Lopez, 2006 WL 2335578, at *2-3 (D.N.J. Aug. 9, 2006) (granting summary judgment on attorneys' fees, finding plaintiff proved its claims for attorneys' fees and that there was no disputed issue of fact as to amount). GNC "must prove [its] damages in respect of the obligation for legal expenses in the same manner as [it] would any other item of damages.

There must be plenary proof, not merely by Ex parte affidavit, of the actual services necessarily rendered in the [defense] of the action, and of the reasonable value thereof, in the same manner as an attorney proves his cases against a client for services rendered in Quantum meruit." Cohen, 86 N.J. Super. at 216.  The Court finds that there is a genuine issue of fact as to the amount of attorneys' fees damages, and indeed, one which the parties may need to explore through further discovery.

### III.   CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part GNC's motion for summary judgment on its breach of contract counterclaim against Richard Sullivan, Patrick Sullivan, Hasselbrook Health and Fitness, Inc., Adam Silberstein, grants summary judgment in favor of Nicholas and Diana Stefanou on the breach of contract counterclaim, grants GNC summary judgment as to liability only on its attorneys' fees claim and denies GNC summary judgment as to damages for its attorneys' fees claim.  An appropriate form of order will be filed together with this Opinion.

   s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: May 23, 2007

9